UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHERLYN YOUNG ROGERS

VERSUS

AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE COMPANY

CIVIL ACTION

NO. 11-436-JJB

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment by Defendant American General Life and Accident Company ("American General"). (Doc. 22). Plaintiff Sherlyn Young Rogers ("Rogers") filed an opposition (Doc. 29), to which Defendant replied. (Doc. 30). Oral argument is not necessary. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the following reasons, the Defendant's motion is GRANTED.

I.

American General issued two Accidental Death Only Policies to Rogers insuring the life of her son, Kevin Young ("Young"), and naming Rogers as the beneficiary. (Doc. 23 Ex. 1-A and Ex. 1-B). The policies provide:

> "We will pay NO Accidental Death Benefit or Common Carrier Benefit for any Accidental Injury or any loss caused or resulting in whole or in part by the following: (a) the Insured Person's suicide, attempt at suicide, intentional self-inflicted injury or sickness, or attempt at intentional self inflicted injury or sickness, while sane or insane."

1

(Doc. 23 Ex. 1-A at 5 and Ex. 1-B at 5).

Young died on May 7, 2010 in Indiana. (Doc. 23 Ex. 1-C). Sergeant Lawrence Kubsch, Jr. ("Sgt. Kubsch") responded to a welfare check phone call after no one could get in touch with Young following a domestic dispute. (Doc. 23 Ex. 5 at. 24-26). Sgt. Kubsch checked the house's exterior and found that the doors, windows, and garage were closed and locked, and there was no sign of forced entry. (*Id.* at 24-25). Sgt. Kubsch used a relative's key to enter the house and after checking all of the rooms, he determined the house was unoccupied and in order. (*Id.* at 27, 29). Sgt. Kubsch checked the outside of the garage and saw through a window that Young's car was inside. (*Id.* at 28.). When Sgt Kubsch opened the door, he saw a body inside the car and called for backup and the on-call coroner. (*Id.* at 29, 31-32).

Deputy coroner Randy Magdalinski ("Magdalinski") conducted a scene investigation. He noted that Young and the keys were in the vehicle, Young had a gunshot wound to the head, there was a spent casing in the backseat, projectile was on the upper part of the vehicle, just above the door, and a gun was found between Young's legs. (*Id.* at 37-39). Magdalinski concluded that the gunshot wound was self-inflicted. (Id. at 39). Magdalinski completed a "Coroner's Investigation of Death" report and listed the probable cause of death as a gunshot wound to the head, probable manner of death as suicide, and probable mechanism of death as a self-inflicted gunshot wound. (Doc. 23 Ex. F).

2

Case 3:11-cv-00436-JJB-DLD   Document 35   10/30/12   Page 2 of 10

On June 2, 2010, Rogers submitted a claim for benefits. (Doc. 23 Ex. 1-C). Rogers listed that Young had died from a gunshot wound to the head and included a copy of the death certificate. (*Id.* at 3). The certificate stated that the cause of death was a gunshot wound to the head and the manner of death was suicide. After reviewing these documents, American General had Rogers complete an Investigation of Suicide Questionnaire and on June 28, 2010, American General denied the claim. (Doc. 23 Ex. 1-D).

On May 5, 2011, Ms. Rogers filed suit in the 19th Judicial District Court seeking payment for accidental death benefits. (Doc. 1). American General removed to this Court.

II.

In its summary judgment motion, American General argues that the policy excludes coverage for deaths caused or resulting in whole or in part by "the Insured Person's suicide, attempt at suicide, intentional self-inflicted injury or sickness, or attempt at intentional self-inflicted injury or sickness while sane or insane." (Doc. 23 Ex. 1-A and 1-B). American General argues that both the intentional self-inflicted injury and suicide exclusions apply. The intentional self-inflicted injury exclusion applies because the undisputed facts show that Young held a gun to his head, pulled the trigger, and an injury was substantially certain to follow.

3

American General also argues that the suicide exclusion also applies because the evidence shows that Young died from a self-inflicted gunshot wound and that he had a motive for taking his life. To show motive, American General deposed Ericka Tijerina ("Tijerina") and Brandy Malone ("Malone"), the mothers of Young's children. Both women were concerned about Young's emotional state in the days before his death. (Doc. 23 Ex. 2-3). Young argued with Tijerina and she and her children had moved out of their home. (Doc. 23 Ex. 2 at 13). Young then went to Malone's house and retrieved his gun. On the day of his death, he denied Malone's request that he watch their children that evening and left distraught text and voice messages for Tijerina. (Doc. 23 Ex. 3 at 14 and Ex. 2 at 20). Malone stated that Mr. Young had threatened suicide in the past. (Doc. 23 Ex. 3 at 22). American General argues that Young had sufficient motive, and based on the evidence, there was no other reasonable explanation for Young's death other than suicide. (Doc. 22-1).

In her response, Rogers argues that Indiana law is implicated instead of Louisiana law because Young was an Indiana resident when he died and when the policies were issued. (Doc. 29 at 5). The policies provided that the "law of the State where the insured resided when the policies were issued was implicated." (*Id.*) Furthermore, Rogers cites LSA-R.S. 22:975(A)(8), which provides that if any provision of an insurance policy "is in conflict with the statutes of the state in

4

which the insured resides at the date of issue is understood to be amended to conform to such statutes." LSA-R.S. 22:975)(A)(8). However, Rogers does not state what the conflict is.

Rogers also argues that Louisiana law requires that insurance policies be approved by the Commissioner of Insurance pursuant to LSA-R.S. 22:972, and American General has not shown that its policies were approved. Additionally, Rogers claims that there is a dispute concerning the cause of death and relies on her expert's conclusion that that the cause of death was undetermined. Finally, Rogers argues that under Louisiana law, there is a presumption against suicide, and when an insurer raises suicide as a defense, the insurer must show that suicide was the cause "to the exclusion of every other reasonable hypothesis." *Young v. First National Life Insurance Co.*, 159 So.2d 395, 397 (La. App. 2 Cir. 1963).

In its reply, American General argues that Rogers has not satisfied her burden because she does not provide evidentiary support to her assertion that material facts are disputed. (Doc. 30). American General states that the affidavit of Don Moreau, plaintiff's expert, conflicts with his deposition testimony and should be stricken from the record since he admitted that he did not review or rely upon the depositions of Malone or Tijerina, as he claims in his affidavit. (Doc. 29-2 Ex. P-1). Because Moreau impeached his own sworn testimony, Rogers cannot use it to defeat a motion for summary judgment. For the suicide

5

exclusion, American General further states that if Moreau's testimony is allowed, his opinion of "undetermined" as the cause of death for Young is insufficient to meet Rogers's burden of refuting American General's burden of proof. (Doc. 30 at 5). For the self-inflicted injury exclusion, American General claims that Rogers's evidence does not generally dispute the material facts that Young held a gun to his head and pulled a trigger, therefore summary judgment is appropriate. (*Id.*).

American General also argues that Indiana law is not implicated in this case because the applications for the policies represent that Young resided in Louisiana and the policies were delivered in Louisiana[1]. (*Id.*) American General concludes that because Young listed Louisiana as his state of residence and he signed the applications, Louisiana law applies. (Doc. 30 at 6). Furthermore, American General points out that there is no conflict of laws concerning the

---

[1] Rogers has filed a motion to strike the supporting applications and affidavit of Mitzi Chapman indicating that Young represented that he lived in Louisiana. Rogers also wishes to strike the provisions of Indiana law contained in American General's reply memorandum, arguing that because defendant did not rely on Indiana law in its motion for summary judgment, defendant should be precluded from referencing Indiana law to support its motion for summary judgment. This is misplaced. American General is relying on Indiana law to show that there is no actual conflict and that the outcome would be the same regardless of whether Indiana or Louisiana law applied. Therefore, the motion to strike (Doc. 34) is denied.

policy's exclusion. The outcome would be the same under both state's laws and coverage would be denied.

Finally, American General states it is not required to prove that the exclusions were approved by the Commissioner, but attached certified copy of approval by the Commissioner of the two policies at issue. (*Id*. at 9). Therefore, the Court will not entertain any arguments relating to the policy's approval.

III.

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party meets the initial burden of showing there is no genuine [dispute as to] material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine [dispute] for trial." *Allen v. Rapides Parish Sch. Bd*., 204 F.3d 619, 621 (5th Cir. 2000).

IV.

The Court finds that Louisiana law applies based on the applications of the policies that list Young as residing in Louisiana. Under Louisiana law, an insurance policy is a contract between the parties and interpreted using the general rules of interpretation under Louisiana law. *Smith v. Matthews*, 611 So.2d 1377 (La. 1993). "When the language in an insurance contract is clear and unambiguous the agreement must be enforced as written." *Central La. Elec. Co. v. Westinghouse Elec. Corp.*, 570 So.2d 981, 985 (La. 1991). "The insurer has the burden of proving that a policy exclusion precludes recovery." *Capital Bank & Trust Co. v. Equitable Life Assurance Soc.*, 542 So.2d 494, 496 (La. 1989).

American General persuasively argues that the applicable provision precludes recovery when the insured's death is a result of an intentional self-inflicted injury. In *Bazley v. Tortorich* 397 So.2d 475 (La. 1981), intent was defined as:

> "The meaning of intent is that the person who acts either(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."

In *Sims v. Monumental General Ins. Co.* 960 F.2d 478 (La. 1981), summary judgment was granted to the insurer based on the intentional self-inflicted injury exclusion in the context of an insured's death as a result of autoerotic asphyxiation. Even though the court found that the insured party in *Sims* only intended partial strangulation and did not intentionally kill himself, recovery under the policy was excluded.

In the present case, it is clear that a serious injury would follow Young's act of shooting himself in the head, regardless of whether he intended to cause his own death. Rogers has not presented any evidence that shows there is a genuine issue to any material facts.

Louisiana law provides that "the defense of suicide in an action on a policy of life or accident insurance is a special defense, and the burden of proof is on the insurer to establish that defense by a fair preponderance of the evidence." *Andrews v. Provident Life & Acc. Ins. Co.*, 179 La. 77, 79 (La. 1934). The burden of proof was outlined in *Rome v. Life and Casualty Ins. Co. of Tennessee*, 225 So. 2d 275, 276 (La. App. 1st Cir. 1976)

> Where it is evident from the testimony that the insured killed himself, whether accidentally or intentionally, the case presents two questions. First, do the physical facts surrounding the death of the insured exclude with reasonable certainty any possibility of accident? Second, does the evidence show that the insured had a motive for taking his own life sufficient to overcome the presumption against suicide and make it reasonably

> certain that the death was not the result of an accident,
> but of the deliberate intention to take one's own life?

Here, American General demonstrated that the physical facts surrounding the death evidence suicide and that the insured had a motive for taking his own life. In order to overcome summary judgment, the plaintiff must establish a genuine issue of material fact and Moreau's affidavit and report do not conclude or support that Young's death was not a suicide. Moreau's "undetermined" cause of death is insufficient to refute American General's proof on summary judgment and Rogers has given no reasonable hypothesis as to what else may have led to the death of Young.

V.

Accordingly, Defendant's motion for summary judgment (Doc. 22) is GRANTED.

Signed in Baton Rouge, Louisiana, on October 30th, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**